**SIGNED.**

**Dated: December 11, 2009**



_____
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOE SALAZAR,<br><br>Debtor. | Chapter 7<br><br>Case No. 09-5548<br><br><br><br>ORDER ON SECOND MOTION FOR RECONSIDERATION |

This matter comes before the Court on a "Second Motion for Reconsideration" filed by the Debtor on December 11, 2009. The Debtor requests that the Court reconsider its November 24, 2009 Minute Entry Order in which the Court granted the Debtor's previous Motion for Reconsideration and ordered that the automatic stay remain in place until December 14, 2009.

As background, on July 31, 2009, Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-3 ("Movant) filed a Motion for Relief from Stay. The Court entered an Order granting Relief from the Automatic Stay on August 26, 2009. Counsel for the Movant had filed a certificate of no objection, so the Court executed the Order. Unfortunately, the Movant had sent the Motion and other relevant documents to the wrong address for the Debtor. According to this Court's Electronic Docket, the Motion for Relief from Stay, and related documents, were mailed to 4609 S. Filer Dr., Phoenix, AZ 85282. The Debtor's address of record is 4607 S. Filer Dr., Tempe, AZ

85282. The Court did not initially find the discrepancy in the address because of the Movant's certification that the Motion and all relevant documents had been properly served upon the Debtor and that the Movant had received no objection to the relief that it requested.

The Debtor's chapter 13 case was subsequently converted to a chapter 7 on September 1, 2009, because the Debtor did not have a regular source of income. However, the Debtor's case was subsequently dismissed on September 22, 2009 when the Debtor failed to appear at the 341 meeting of creditors. The case was briefly reinstated the same day, but was dismissed again as result of the Debtor's not having paid the conversion fee.

The Debtor filed a Motion to Reinstate his chapter 7 case on November 12, 2009, paid the conversion fee, and the case was reinstated that day. Unfortunately, the Debtor allowed a substantial period of time (almost two months) to pass between the time that his case was briefly reinstated and dismissed in September 2009 and when he filed his Motion to Reinstate in November 2009. In the interim, the property located at 4607 S. Filer Dr., Tempe, AZ 85282 was sold at a Trustee Sale held on October 30, 2009.

The Debtor alleged in his November 12 Motion for Reconsideration that he did not receive notice of the July 31 Motion for Relief from Stay, and requested additional time to vacate the premises. The Court set a hearing on November 24, 2009 to address the Debtor's concerns. At the hearing, the Court discussed with the Debtor the problems associated with his case. For instance, the Court stated that while the Debtor's case was dismissed, no automatic stay was in place. As a result, the Movant could proceed with its rights and remedies under Arizona law. Movant's counsel confirmed that while the case was dismissed, Movant did proceed with a Trustee's Sale of the Debtor's property. The Debtor then requested twenty days to move from the residence. The Court granted the Debtor's request and held that the automatic stay was to remain in place until December 14, 2009. The Court executed the minute entry of November 24, 2009 as the Court's Order.

The Debtor's current Motion, his Second Motion for Reconsideration, states that

the Debtor needs additional time to move his family from the residence.[1]  Although the automatic stay will be vacated as of December 14, 2009, the Debtor does not need to vacate the premises as of that day. Counsel for the Movant stated at the November 24, 2009 at the hearing that the Debtor would be able to remain in the residence "through the holidays," effectively providing the Debtor with the ability to remain at the residence through January 4, 2010 while the Movant initiated the forcible entry and detainer action and obtained a judgment thereon.

The Court encourages the Debtor to work with the Movant and its counsel to determine whether some type of agreement may be arranged between the parties that will allow the Debtor to remain in the residence beyond January 4, 2010.   If the Debtor is unable to reach an agreement with the Movant, and requires additional time to relocate his family, the Debtor may request further relief from the Court by filing an appropriate pleading with supporting documentation.

 Based upon the foregoing,

**IT IS ORDERED** denying the Debtor's Second Motion for Reconsideration without prejudice.

However, **IT IS FURTHER ORDERED** that based upon the representations of Movant's counsel at the November 24, 2009 hearing, the Debtor and his family may remain at the Debtor's residence until January 4, 2010.

**IT IS FURTHER ORDERED** directing the Clerk's office to provide <u>immediately</u> notice of this Order to all interested parties, and  file an affidavit of service thereon.

SIGNED AND DATED ABOVE.

---

[1] There are also additional troubling statements in the Motion which indicate that the Debtor is desperate to remain in the residence with his family.